USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/23/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
FEDERAL DEPOSIT INS. CO. AS RECEIVER                        :
FOR OMNI NATIONAL BANK,                                     :
                                                            :
                                      Plaintiff,    :        13 Misc. 380 (KPF)
                                                            :
                v.                                        :        OPINION AND ORDER
                                                            :
AXIS REINSURANCE CO., *et al.*,                             :
                                                            :
                                      Defendants.   :
                                                            :
------------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

        On November 7, 2013, Plaintiff Federal Deposit Insurance Company as Receiver for Omni National Bank ("FDIC-R") filed a motion to compel responses to certain subpoenas served upon Defendants Axis Reinsurance Co. ("Axis Re") and Transatlantic Reinsurance Co. ("Trans Re") (collectively, the "Reinsurers") in connection with an underlying litigation pending in the United States District Court for the Northern District of Georgia, *Progressive Cas. Ins. Co.* v. *FDIC as Receiver for Omni National Bank*, No. 12 Civ. 1103 (RLV) (N.D. Ga. 2012) (hereinafter, the "Coverage Action"). The Reinsurers, along with Progressive Casualty Insurance Co. ("Progressive"), a party to the Coverage Action but not a party here, oppose the motion to compel. For the reasons discussed in the remainder of this Opinion, the motion is hereby transferred to the Northern District of Georgia.

**FACTUAL BACKGROUND**

A.   **The Coverage Action**

Progressive initiated the Coverage Action in 2012, seeking a declaratory judgment that it was not responsible for indemnifying or paying the defense of certain directors and officers of Omni Bank ("D&Os") in connection with another lawsuit pending in the Northern District of Georgia that had been filed by FDIC-R against those same D&Os (*FDIC as Receiver for Omni National Bank* v. *Klein, et al.*, No. 12 Civ. 896 (RLV) (N.D. Ga. 2012) (hereinafter, the "FDIC-R Action")). (FDIC-R Memorandum of Law in Support of Motion to Compel ("FDIC-R Br.") 1). Progressive promptly moved for summary judgment in the Coverage Action, and that motion was granted in part and denied in part by the Honorable Robert L. Vining, Jr. in January 2013. *See Progressive Cas. Ins. Co.* v. *FDIC as Receiver for Omni National Bank, et al.*, 926 F. Supp. 2d 1337, 1339-40 (N.D. Ga. 2013).

Judge Vining determined that the insurance policy at issue contained two ambiguous terms, and held that because "extrinsic evidence is admissible if a contract is ambiguous ... [FDIC-R] should be permitted to proceed in discovery into the areas identified in the Lana Robertson Declaration." 926 F. Supp. 2d at 1339. The Robertson Declaration had been submitted by FDIC-R in connection with its opposition papers, and detailed five categories of information for which FDIC-R sought discovery. (*See* Ex. 1 to the Declaration of Joseph M. Saka in Support of the Motion to Compel (Dkt. #3)). Of relevance here, among those categories was "Progressive's interpretation and

2

construction of the scope of coverage under its directors and officers liability insurance policies, and specifically its understanding relevant to the [two ambiguous terms]." (*Id.* ¶ 8(e)).

FDIC-R served various discovery requests on Progressive on October 23, 2012, to which Progressive has yet to respond. (FDIC-R Br. 9). Consequently, FDIC-R filed a motion in the Coverage Action to compel production by Progressive of all electronic discovery material responsive to FDIC-R's discovery requests; that motion is still pending. (*Id.*).

**B.    The Instant Action**

FDIC-R served subpoenas on non-parties Trans Re and Axis Re on October 2, 2013. (FDIC-R Br. 9).[1] Those subpoenas incorporated 23 document requests, which can be divided into two broad categories: (i) requests limited by reference to Omni or the insurance policy provisions at issue, and (ii) requests related to Progressive's treatment of tort claims by FDIC acting as receiver in connection with other failed banks. (*Id.* at 10).

Subsequently, Progressive and the Reinsurers objected to the subpoenas on the basis that they were overbroad, burdensome, and unlikely to lead to the production of relevant or non-privileged information. (FDIC-R Br. 10). Progressive, Axis Re, Trans Re, and FDIC-R met and conferred shortly thereafter, but were unable to resolve this dispute. (*Id.*).

---

[1]    FDIC-R served identical document requests on another reinsurer, Everest Reinsurance Holdings, Inc. ("Everest Re"), that same day. (FDIC-R Br. 9 n.6). FDIC-R moved to compel Everest Re's response under a separate docket number in this District, No. 13 Misc. 381, which is also assigned to the undersigned. (*Id.*). This Opinion applies equally to Everest Re, and the Court has contemporaneously issued an Opinion and Order to that effect in No. 13 Misc. 381 (*see* No. 13 Misc. 381, Dkt. #29).

FDIC-R initiated this action on November 7, 2013, with the filing of a motion to compel and accompanying memorandum of law.  (Dkt. #1, 2).  By stipulation (Dkt. #8), the time for Axis Re and Trans Re to oppose was extended to December 2, 2013, and oppositions were timely filed that day (Dkt. #14 ("Axis Re Opp."), 15 ("Trans Re Opp.")).  Progressive also filed an opposition on December 2, 2013.  (Dkt. #17 ("Progressive Opp.")).  The motion to compel was fully briefed as of the filing of FDIC-R's reply papers on December 10, 2013.  (Dkt. #25 ("FDIC-R Axis Re Reply"), 26 ("FDIC-R Progressive Reply"), 27 ("FDIC-R Trans Re Reply")).  The case was reassigned to the undersigned, acting as Part I Judge, on December 12, 2013.  (Dkt. #28).

## DISCUSSION

The Reinsurers raise several arguments in opposition to this motion, namely that FDIC-R's requests are overbroad, burdensome, and solicit irrelevant and privileged information.  Yet the Court need not reach these arguments because it agrees with Progressive and the Reinsurers that this motion is better decided by the District Judge presiding over the underlying action in the Northern District of Georgia.

Principal among the factors compelling this conclusion are considerations of judicial efficiency and comity.  The parties dedicate significant briefing to arguing as to what Judge Vining must have meant in his summary judgment opinion, which narrowly proscribed the parameters of permitted discovery; this Court is not in the best position to resolve such arguments.  For example, did Judge Vining mean to include reinsurance

information in the permitted discovery, although he did not specifically say so? (*Compare* Trans Re Opp. 6 (arguing that Judge Vining's "order implicitly recognized that [certain reinsurance contracts are] irrelevant and immaterial"), *and* Axis Re Opp. 4 (noting that the Robertson Declaration "does not even mention 'reinsurance'"), *with* FDIC-R Br. 13 ("In its subpoenas to the Reinsurers, the FDIC-R seeks discovery that has been authorized by [Judge Vining]")).  Quite simply, these questions are best put to Judge Vining.

The Court is also mindful that FDIC-R's motion to compel in the Coverage Action is still pending, and that motion, in part, concerns reinsurance information.  (*See* FDIC-R Br. 9 n.6; FDIC-R Progressive Reply 3 n.1).  Given that case law in this District appears to conflict with case law in the Northern District of Georgia on the relevance of reinsurance information, there is a very real possibility that the motions to compel filed in Georgia and New York could result in different and contradictory holdings.  *Compare Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 137 (S.D.N.Y. 2012), *with Federal Deposit Ins. Corp., as Receiver of Silverton Bank, N.A.,* v. *Bryan*, No. 11 Civ. 2790 (JEC) (GCB), Slip Op. at 26-27 (N.D. Ga. Nov. 28, 2012) (Ex. 7 to the Declaration of Matthew J. Dendinger In Opposition to the Motion to Compel (Dkt. #7)).  As Judge Vining has yet to rule on the relevance of reinsurance information, this Court wishes not to hamstring his ability to control and delineate the parameters of discovery in the Coverage Action.

It is worth noting that this motion was filed only three weeks before a major change in the Federal Rules of Civil Procedure went into effect. Under the newly-amended Rule 45, subpoenas are issued by the court in which the underlying matter is pending, and district courts may transfer pending motions to compel, such as this one, to the court in which the underlying matter is pending. *See* Fed. R. Civ. P. 45(c), (f). While judges within this District had transferred motions to compel even before this change took effect, *see, e.g.*, *Stanziale* v. *Pepper Hamilton LLP*, No. M8-85 (Part I) (CSH), 2007 WL 473703, at *3-5 (S.D.N.Y. Feb. 9, 2007) (permitting transfer when the subpoena recipient had indicated that it preferred that the issues be decided by the court presiding over the case), the new Rule 45(f), and the comments thereto, clearly permit and encourage such action. *See* Fed. R. Civ. P. 45(f); Committee Note to Amended Rule 45.

Lastly, the Reinsurers are amenable to transfer to the Northern District of Georgia. (*See* Axis Re Opp. 2 ("This Court should ... send the FDIC-R straight back to the [Georgia Court]."); Trans Re Opp. 5-6 (noting that the "boundaries laid down [by Judge Vining] ... should be respected" and that the "management of discovery" lays within the "sound discretion of the Court")). For all these reasons, transfer is appropriate.

**CONCLUSION**

Thus, for the reasons discussed herein, the motion is hereby transferred to the United States District Court for the Northern District of Georgia. The Clerk of Court is directed to terminate all remaining deadlines and transfer the case file forthwith.

SO ORDERED.

Dated: January 23, 2014
      New York, New York

                                      KATHERINE POLK FAILLA
                                      United States District Judge